at all. Oral argument, not to exceed 15 minutes per side. And Ms. Barranco, for the appellant, you may proceed when ready. Thank you. May it please the Court, Assistant Attorney General Kyla Barranco on behalf of Lieutenants Jeffrey White and Chris McIntyre. At this time, Your Honors, this case presents a narrow but important issue. Whether Lieutenants White and McIntyre are entitled to qualified immunity for removing Mr. Heykoop's record company, Eagle Towing, from the Michigan State Police's no preference record list. The District Court erred in determining that they are not for two reasons. First, Mr. Heykoop can point to no ordinance, contract, or other rules of mutually explicit understanding that support his claim of entitlement to remaining on the no preference list here. And thus, no constitutional violation has occurred. And second, to the extent Mr. Heykoop has a constitutionally protected property right, that right was not clearly established. To the contrary, Lieutenants White and McIntyre did not have a fair and clear warning about what the law requires. Accordingly, for those reasons, this court should reverse the lower court's denial of qualified immunity and remand for dismissal of this case. Now, Your Honors, in regards to the first reason, Lucas versus Monroe County is at the heart of this case. Counselor, before you get to that, could you just help me out a little bit in understanding what an official order is, like how you create them? I mean, it sounds like, I take it this is an administrative law concept, and I'm just not sure I understand how they're created. Are they generally binding and so forth? I can address that, Your Honor. So in the process for creating, modifying, rescinding an official order is more of an informal process. They're not promulgated pursuant to the Michigan Administrative Procedures Act. Rather, work units are responsible for continuous review and revision or creating new official orders. So essentially what happens is that work units will propose an order or propose a change to an order. The Office of Professional Development will review and edit that order, and then they'll send it to the affected parties. So, for example, say a bargaining unit. And then once everyone has reviewed it and it goes to the Director of State Police for review, if he approves it or if she approves it, it's then posted on the Internet. So they do not have the force of law. And if you don't like one, you just go to the, whoever the, whatever the entity is that put it in place and say, please modify or change or revoke? Correct. And you don't have a work unit to start. There's no notice and comment or process duty before they change it? No, Your Honor. Other than working through the work groups and essentially getting the approval of the Director of State Police. What is a work group in this context? Your Honor, the work group, I believe, in my understanding of it, is that it would be people who work in the area that the official order would affect. So, for example, in regards to Official Order 48, it would likely be people who deal with towing and towing. Your Honor, going back to Lucas v. Monroe County, again, I think that that case really is at the heart of this case. And Lucas involved a towing company that was removed from the county towing list. And in that case, eligibility to remain on the list involved a number of factors, like it did here, including company's location, maintenance of insurance, maintenance of certain types of towing vehicles. You had to actually pass a safety and equipment inspection. And you also had to have 24-hour service. And in that case, the court held that there was no property interest in remaining on the rotation list because plaintiffs could point to no ordinance, contract, or other rules of mutually explicit understandings that supported their claim of entitlement. And in doing so, it held that the written policies, however unfair they may be, explicitly provide that a wreck or company may be immediately removed from the list upon making a complaint to an authorized person. So, in other words, the plaintiff did not have more than a unilateral expectation of continuing to remain on the list. This court has yet to hold that a property interest exists in remaining on a rotational towing list. And despite plaintiff's arguments to the contrary, in light of the nature and language of Official Order 48, the plaintiff here does not have more than a unilateral expectation of continuing to receive the benefit of remaining on MSP's no-preference list. So, Your Honors, looking first to the nature of Official Order 48, it seems clear that for example, Official Order 48 sub 3 provides that this section establishes policies and outlines operation procedures for the use of wrecker services. It then goes on to say, included are operational guidelines to provide efficient and equitable delivery of qualified and courteous wrecker service to protect the safety of people and property. Now, if you go to the preamble of the Official Orders, and this is the preamble to all of the Official Orders, it provides that these rules and regulations are intended for guidance of members so they may be informed of the operations of their department, their responsibilities, and the code of ethics they're expected to observe. And the preamble also provides that these rules and regulations shall be followed except under circumstances or in situations deemed by the director to be in the best interest of the department to do otherwise. So, these key Official Orders necessarily involve discretion. And I think if you look at the language of Official Order 48 itself in regard to establishing a no-preference list, it further supports that fact. So, for example, yes. Council, speaking of discretion, you know, sometimes these cases are, you get cases where you, when you're done reading it, you're like, why is this happening? It sounds like he's got a company that is on the list, another list. So, if he's that bad, if he's got that bad of service, that seems very strange. The supposed explanations for taking him off this one list don't seem to be easy to find. So, that's a little unusual. I find myself just wondering, this just can't be worked out? Well, Your Honor, it hasn't been able to be worked out so far. You know, for that company, he'd be good for another list, but not this one. Well, Your Honor, I think from MSP's perspective, his one, his company, Eagle Towing, was not following the rules, but his other company is, to my knowledge. Is that a permanent suspension, or do you have a, like, purgatory and then you come back? What goes on? Official Order 48 doesn't provide for any of that, Your Honor. So, nothing necessarily  So, now, I mean, forgive me for saying this, but that gets very bureaucratic. You suddenly say, the order doesn't say anything like that, as if it can't be changed on a dime, which was the point of the initial line of questions. What can be created with discretion can be undone with discretion. And I think that's an important point, because the Sixth Circuit, the United States Supreme Court, has consistently held that a government entitlement, a government entitlement is not provided due process protections if government officials may grant or deny it in their discretion. And that's Town of Castle Rock. And the Sixth Circuit has said the same. A party cannot possess a property interest in the receipt of a benefit when the state's decision to award or withhold the benefit is wholly discretionary. And here, what we have is discretion. Wait a minute. The order, excuse me, but the order completely limits the discretion of the overall department and its agents because it sets out certain procedures. Now, I guess your position must be that following those procedures is discretionary? Your Honor, my position is that, you know, admittedly, in this case, Lieutenants White and McIntyre didn't follow these procedures, and Official Order 48 does provide for, you know, provisions that they're supposed to follow. But I think what this Court should be looking at is whether the nature of the official orders and whether the discretionary and whether being on a no-preference list is discretionary. And I think if you look at the language of Official Order 48, specifically 48.3.1, it says worksite commanders have the options of establishing a no-preference record list or contracting with record services in their area, depending on what best suits their area's operational needs, which of course is subject to change. So most importantly, nothing about Official Order 48 guarantees that plaintiff would have remained on the no-preference list tomorrow, next week, or next year. And at the end of the day, Your Honor, I think that's enough discretion to say that you didn't have a property right in remaining on the list. But the extent of the Court's time... This is... Excuse me, Counsel. Counsel, this is Judge Batchelder. I'm just kind of curious, since there doesn't seem to be, in your view, any particular reason to have this order in the first place, and it does seem to lay out things that would cause the tow truck operators to think that there were some rules and regulations here. Has any other towing operation been just summarily removed the way this one was, but without any impact on the order itself? I mean, that order still stands. It's just, as far as this company is concerned, nobody had to follow it, it sort of looks like. Am I wrong? You're correct, Your Honor. At the time of discovery, no other company has been taken off the list. However, I would point out to Your Honors, and I'm not quite sure how relevant it is for your discussion, but I think it goes to the discretion in the list. Official Order 48, since the time this case has started, has completely changed and provides that people can be taken off the list, essentially at MSP's discretion. For example, it says, meeting and remaining compliant with the requirements listed in this order does not establish an entitlement or right to provide or continue to provide record services to the department. But is there some underlying reason for this order? Well, Your Honor, I think the order, and I think that's an important point. The order doesn't exist necessarily for the benefit of records. The order exists for the benefit of the members of the department. And that's provided in the preamble. It says, these rules and regulations are intended for guidance of members so that they may be informed of the operations of their department. So, you know, in a perfect world, members of the department should be following these lists, but the official order isn't necessarily for records who are on the no preference list. In regards to my second point, Your Honor, I'll just make it pretty clear. It depends that POST comply with it, doesn't it? I mean, wasn't that why it was set up? I'm sorry, Your Honor, you cut off there for a second. I said the reason the order was set up was because the director intended for POST to comply with it, correct? Correct, Your Honor. But I think tomorrow or the next day or next year, that order can be changed and that discretion is really what this case comes down to and whether the plaintiff has a reasonable expectation of remaining on the list. I think my time has elapsed. Thank you. The point at which this plaintiff was removed from the list, the order hadn't been changed. It had not, Your Honor. So if we accept your view that it's completely discretionary because the order could be changed, you're simply saying that there's no point to having the order at all because it could be changed, but it doesn't need to. We can just change it day by day without doing anything formal at all. And so it's just sort of a crapshoot here from the point of view of the tow truck operators. Well, and I think if that is the tow truck operator's point of view, that further demonstrates the point that, you know, if MSP has discretion to grant or deny being on the list or even having a list in the first place, then they certainly have discretion. And then pursuant to the United States Supreme Court and this court, you can't have a property interest in that list. And for that reason, I would ask this court to reverse, Your Honor. Thank you. Mr. Brennan, you may proceed for the appellate. Thank you. And may it please the court, John Brennan on behalf of John Haycoop, the plaintiff and appellate here. I just would like to start out by saying that I think that the piece that's missing and wasn't really talked about in my sister's argument is that the cases that discuss whether or not there's a property interest have referred to consistently with this notion of mutuality. And the district court here correctly put the focus on whether or not there was a mutuality of interest created by Official Order 48. And that also is consistent with the Supreme Court's decision in Perry in which the court referred to mutually explicit understandings. And so the point I guess we'd make here is that the Rule 48 did create those mutually explicit understandings. They were grounded in state law and both the Bishop case and the Logan case do not state that the actual understanding had to have the appropriate had to be an enforceable statute or an administrative rule that went through the administrative process but had to be... Counsel, just to make sure we're on the same page, I take it you don't disagree with counsel's description of official orders, that they don't have to go through notice and comment, they're not to comply with any Michigan APA. We're all on the same page about that? I don't know that we're on the same page about that, Your Honor, because that's not part of the record here. That's a legal point. That's a legal point. It's just how Michigan law works. Right, but that also involves internal review and policy. As far as Michigan law is concerned, the director has the power to issue official orders. How they internally go through that process is not stated explicitly in the statute or the rules as far as I know, and I don't know that it's particularly relevant because... That just means they can change them when they wish. If there's no statutory requirement of notice and comment, then that means they can change them with a, quote, new official order. Well, in the same way that the state legislature can modify or repeal statutes, this is the same... That's the parallel. That's the level that we're talking about, and the district court made reference to that in its opinion, that the fact that there's discretion to change the rule, however the process works, that discretion is given to the director by force of state law. The fact is that once that order has been issued, it is binding, and it did create expectations, and I would also make reference to the fact that, although there's been a lot of talk about discretion here, if you take a look at the state order, excuse me, the official order itself, it's replete with the use of the word shall, that each record service shall be held to identical standards, and unless extenuating circumstances exist, a record service shall not have their contract canceled, and a written notice shall be sent describing any complaints that are made, and record services shall be notified of any noncompliance with the record service. The use of the term shall is always denoted a mandatory duty and excludes the idea of administrative discretion, so while that order was in place, which I think is the salient point here, there was no discretion, and the fact that the order could be repealed like any statute giving it an entitlement could be repealed, does not mean that once it is in place, it does not have the force that, frankly, it was intended to have, and the other thing to note... Counsel, is there a Sixth Circuit case where we kind of established the clearly established point, in other words, that there is a property interest in being on a list like this? Well, I would... Tell me what the best case is, maybe that's the better way to put it. What's the best case for that idea? Well, we cited Lucas versus Monroe City. The result was different than we're asking for here because the facts were different. Okay, wait, so a loss does not count as a clearly established premise for a win. I understand that, but the rule of law articulated by the Sixth Circuit in that case, I think was intended to be relied upon as precedent, and the rule in that case clearly parrots the U.S. Supreme Court's characterization. What's the best U.S. Supreme Court case, then, for a property interest in being on a list of this sort? Well, I mean, I would go... I would certainly cite Perry versus Neiderman because it... That's not a real list. Well, I understand that. There isn't any Supreme Court case or Sixth Circuit case that takes these exact same facts and shows that there's a property interest. I mean, it's rare to see explicitly that you can say, well, this is kind of a laydown, and if it were, I don't know that we'd be here today. But the fact is that the interest here is not an outgrowth of an abstract need or desire, which is what this court did say in Lucas was the important and salient principle here. We have a... The tolling company here has a legitimate claim of entitlement because the order imposes certain costs and burdens on the tolling company, which in return gets placed on the list. And if you look at those burdens, and they are articulated in 48.3.5 of Order 48, there is from A to... I won't say Z here. I believe it goes from A to Z to ML or M. No, I'm sorry. It goes all the way from A to P of requirements that these tolling companies must have in order to be placed on the list. And these requirements come at a cost to these tolling companies. There are insurance requirements. There are requirements with regard to the storage facilities. There are requirements with regard to the kind of equipment there has to be, the type and the class and the value. There are significant costly hoops that these tolling companies have to go through in order to be qualified to be put on this list. And it's reasonable for them to rely, having gone through those hoops, so to speak, those costs, that the order is going to be enforced with respect to when they can be removed. The order even says... The order even limits, once a tolling company is placed on the list, the order limits the tolling post's right, so to speak, to seek out tolling companies that are not on the list except in cases of an emergency. And these are legitimate, reasonable expectations that describe a mutually explicit understanding that truly ought to be protected here as a matter of constitutional law. Because this was... When the tolling company takes that kind of risk, knowing that it's going to cost a lot to get on the list and knowing that the department has stated through an order that both officers under oath said they were compelled to obey, even though they didn't. It had the force as regard to the officers. They didn't have discretion to just ignore Order 48. So that created, in my client's mind, a reasonable expectation that these rights existed. And so... Council, is there... I take it this is just not one of those cases that can be worked out? I mean, it just seems very strange. You know, you're... It doesn't seem to be just about your client because there's another company that's on the list. I quite agree with you. It's quite... It's vague as to why this one company got off this list. But is this just... That would be futile to try to either get our mediation... Well, Your Honor, I can tell you that many efforts have been made. My client... Initially all my client wanted to do was to be put back on the list and dismiss the litigation and that be done. But that was not... I can't explain. And there was no... I don't want to get into details of confidential settlement, but there was no back and forth of, gee, we have these two regulations, if you can fix those, we're all good. I can tell you that the... Without going into any details, that the initial court-ordered mediation, we had one session with the magistrate judge. We met with him for one 10-minute period and he came back and said, there's no way to go here, and we all left. So I can't explain why. I agree with you, I totally agree with you, but I don't... I can't explain why. So that... But just to finish up then, I would say that with regard to counsel's citation of Corbis in their reply brief, I wanted to have a minute at least to address that. Firstly, the... That was a district court case that was... That had been looked at the predecessor order to the Order 48. It also predated this court's decision in Lucas and this court's articulated standard for understanding whether a property right exists. So I don't think that holds any water here with regard to even persuasiveness or applicability. With regard to the appellant's discussion of implied contracts in its reply brief, I would simply note that they acknowledge and we acknowledge we're not bringing this on the basis of contractual law, which this is a constitutional claim dealing with property rights. And so... But I would note that the U.S. Supreme Court's decision in Perry recognized the property interest even though... And that involved a teacher dismissal where there admittedly was not any tenure procedure or established tenure procedure. But the court noted that given the practice at that particular institution, that there was a, quote, de facto tenure program that established a property right. So the conduct of the parties and the establishment of this rule, which they admit that they ignored, they admit that they didn't apply, they admit that they maybe couldn't articulate any basis under the rule for letting my client go. It does beg a question as to why. And although we have reasons for... Or believing the reasons why those are not part of the record at this point. But I would say that one thing is absolutely clear. There was no process at all given to my clients. They simply got a letter in the mail that said, you're out, and that's it. And attempts to get an explanation were never forthcoming. My clients have made an attempt to get back on the list, and their attempts have just been met with silence, complying with everything that this Order 48 states. So... And with regard to whether or not it was clearly established, I simply would adopt what the district court noted here. As early as 1972, this court's decision in Lucas with regard to the property right, and the Supreme Court's decisions with regard to what property rights exist, Order 48 clearly was in their mind. They knew that this order existed. They admitted that they were bound by it. And so I don't think that that is really a contestable issue here. And if there are no other questions, I'm happy to give the rest of my time. All right. Ms. Barranco, your rebuttal? Yes, Your Honors. In my rebuttal time, I'd just like to talk about, you know, at the end of the day, even if there is a constitutionally protected interest, in this case, I don't think the right was clearly established. And to start, you have Lucas, which says unless you could point to an ordinance contract or other rules of mutually explicit understanding, you don't have a property right. And in that case, the court used the fact that there weren't references to and procedures for removal. But the policy in Lucas didn't seem to have the discretion that MSP does in this case. And I think more importantly, as noted in the brief on appeal, six years later in the claim, this court assessed Lucas and held that while the Lucas holding refers to procedures, the ultimate inquiry is on the mutual nature of a relationship. And I would just say, again, these orders involve discretion. And then we also have numerous out-of-circuit cases that say in order to have a protected property right, you need to have something more than the policy itself, such as a law, a regulation with the force of law, or a contract. So again, the focus is on the discretionary nature of the policy order, etc. And then finally, Your Honors, we have the unpublished case for what it's worth, Corbis, which looked at the predecessor policy and said that it just didn't give rise to a property interest, because it wasn't a statute or regulation, but an informal system that did not specify the duration of the relationship. Counsel, where can I find in the record, you know, the exact reason this company was put off the list? It's not hearsay. It's just, you know, on this day, they had this violation observed by officer so-and-so. Correct. In the motions for summary disposition below your honors, it was that the letters sent to Eagle Towing and the letters, the communication between the local dispatch center and MST were all attached. And what do they say? What is the violation? So there was actually two separate violations, because Eagle Towing was taken off of both the Hart List and the Rockford List, so two separate no-preference lists. And in 2017, Defendant White removed claims from the Hart List for quality and type of service. He also noted in his letters that... What does that mean? What does quality and type of service mean? Like there was an unhappy customer? Essentially, Your Honor, Official Order 48 says that you need to be professional and courteous in dealing with customers. So what happened? Like what was, what were the specifics or was it just nothing more than there was a complaint? There was testimony below that there were numerous complaints, Your Honor, to my knowledge. And there was also... Okay, so I'm looking for specifics. Like what was the nature of the complaint? Foul language? Taking too long? Broke my bumper? You know, Your Honor, I'm not sure in the Hart List, but I can tell you specifically in regards to the Rockford List, it had to do with reasonable rates, that customers felt that they were being charged excessively. And I do think that there are some disputed facts in regards to what I'm talking about. One customer. Do you know that? What was that, Your Honor? One customer, more than one customer. Do we know, do we have any idea how numerous the complaints were? Between Hart and Rockford, I believe there was more than one customer. And I do also believe that based on the 911 dispatches relationship, which MSP uses to essentially facilitate their no preference list, there was a history of complaints. But again, I would say that this is all, these are disputed facts. So, Your Honor, unless you have any other questions, I would respectfully ask the court to reverse. Thank you. Counsel, just, I'm sorry, you keep going back to disputed facts, and how does that help you? The district court judge wants a trial to figure out if there's a... What's your point with disputed facts? That seems to suggest we should affirm. Well, Your Honor, I guess in regards to the complaint, there's disputed facts. Plaintiff says that there was a dispute, these complaints either didn't exist or there weren't enough of them. And we say, yes, they are. But I think those are disputed facts, but I don't think that has any bearing on whether plaintiff has a protected property interest in remaining on the list. For that, we merely need to look to Official Order 48 and the case law surrounding no preference list. Thank you, Your Honor. So, in other words, Counsel, what you're saying is that it doesn't matter any of things that are in Official Order 48, including that if there are complaints, they shall be investigated. That all that counts is that because this doesn't really have a formal adoption process, this rule, really there are... There's no basis upon which the plaintiff could claim that he couldn't just be summarily removed with no reasons, whatever. That is your position, right? Yes, Your Honor. Both the lack of the formal nature of the order and also just the highly discretionary nature contained in the order and in the preamble. So, I can go back to my original question was, why do they have this order at all? Well, Your Honor, I think the best case scenario, they want people to be following these orders and they're to guide members in... Why? If they do follow the orders, apparently they can be summarily removed anyway, right? Correct, Your Honor. I think though in a perfect world... Okay. Well, I was just trying to make sure I was understanding your position, which is that this order doesn't apply unless the city wants it to apply. I think in the vast majority of circumstances, Your Honor, that this order is complied with. No, that wasn't what I said. I said it doesn't apply unless the city wants it to apply. Okay. Thank you. Thank you. We appreciate the argument both of you have given and we'll consider the case carefully. Thank you, Your Honor. Thank you.